IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHUN YAO CHANG, Individually and on behalf of all others similarly situated | : : : | CIVIL ACTION |
| v. | : : : | No. 24-6416 |
| CUSTOMERS BANCORP, INC., et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                         **June 24, 2025**

Plaintiff Chun Yao Chang brings this putative class action against Customers Bancorp, Inc. and two current or former high-ranking officers of the company, alleging violations of the federal securities laws. Chang personally suffered only minimal losses as a result of the alleged fraud, having purchased only a single share of Customers Bancorp's stock during the approximately five-month class period, on which he claims to have lost about $16. Nevertheless, Chang has moved for appointment as lead plaintiff in this case and for approval of his counsel as a lead counsel. Because the Court is not persuaded Chang has made the required prima facie showing that he will be an adequate class representative, the motion will be denied.

## BACKGROUND

On December 2, 2024, Chang filed a Complaint against Customers Bancorp; Jay S. Sidhu, the company's Chief Executive Officer; and Carla A. Leibold, the company's former Chief Financial Officer. The Complaint alleges that in the company's 2023 annual report (filed after the market closed on February 29, 2024) and in its quarterly report for the first quarter of 2024 (filed after the market closed on May 9, 2024), Defendants

> made false and/or misleading statements and/or failed to disclose that: (1) Customers Bancorp had inadequate anti-money laundering practices; (2) as a result, it was not in compliance with its legal obligations, which subjected it to heightened regulatory risk; and (3) as a result, Defendants' statements about Customers

Bancorp's business, operations, and prospects were materially false and misleading
and/or lacked a reasonable basis at all times.

Compl. ¶ 33; *see also id.* ¶¶ 17-32. The Complaint further alleges that as a result of Defendants'

misstatements and material omissions, the market price of Customers Bancorp's securities was

artificially inflated during the class period from March 1, 2024 to August 8, 2024. *Id.* ¶¶ 1, 59.

The market price then fell when information about the deficiencies in the company's risk

management and compliance practices was disclosed in August 2024, causing those who

purchased securities during the class period to suffer losses.[1] *Id.* ¶¶ 36-43. Chang asserts a claim

against all Defendants for violations of Section 10(b) of the Securities Exchange Act of 1934 and

Rule 10b-5 thereunder. He also alleges the individual Defendants are liable as "controlling

persons" under Section 20(a) of the Exchange Act.

The same day he filed the Complaint in this case, Chang issued a press release via Business

Wire, announcing the filing of this action, describing the basis for the suit and the class period,

and advising that anyone wishing to serve as lead plaintiff must file a motion with this Court no

later than January 31, 2025. ECF No. 4-3. On January 31, 2025, Chang filed the instant motion

seeking to be appointed lead plaintiff in this action and to have his counsel at The Rosen Law Firm

appointed as lead counsel for the putative class. Despite the press release, no other putative class

member has come forward to seek appointment as lead plaintiff.

On March 4, 2025, this Court held a teleconference with the parties regarding Chang's

motion. During the call, the Court expressed concern about Chang's adequacy to serve as lead

plaintiff given his exceedingly small holdings of Customers Bancorp's securities and loss. To

---

[1] The Complaint also alleges the price of Customers Bancorp's stock fell somewhat during the
class period, after the company announced that Defendant Leibold had been terminated for cause
for violating company policy in April 2024. *See* Compl. ¶¶ 34-35.

address the Court's concern, Chang requested the opportunity to submit examples of cases in which courts have appointed individuals with similarly small losses as lead plaintiffs. Defendants requested an opportunity to submit a response. The Court granted the parties' requests, and both parties have since submitted letter briefs.

**DISCUSSION**

Chang's motion is governed by the Private Securities Litigation Reform Act (PSLRA), which established "new procedures for the appointment of lead plaintiffs and lead counsel" in securities class actions. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320-21 (2007); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). Consistent with the statute's purpose "to curb perceived abuses of the § 10(b) private action," these procedures were designed "to increase the likelihood that institutional investors—parties more likely to balance the interests of the class with the long-term interests of the company—would serve as lead plaintiffs." *Tellabs*, 551 U.S. at 320-21; *see also In re Cendant Corp.*, 264 F.3d at 266 (noting "the goal of the [PSLRA's] lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class").

To that end, the statute requires a plaintiff filing a securities class action to provide prompt notice of the action to potential class members. Within 20 days of filing a complaint, a plaintiff must publish, "in a widely circulated national business-oriented publication or wire service," a notice advising potential class members of the pendency of the action, the claims, the class period, and the opportunity to seek appointment as lead plaintiff by filing a motion with the court within

3

60 days of the filing of the notice.[2]  15 U.S.C. § 78u-4(a)(3)(A)(i).  Then, "[n]ot later than 90 days after [the required notice] is published," the court must consider any motion filed by a potential class member and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *Id.* § 78u-4(a)(3)(B)(i).

> The statute creates a presumption that the most adequate plaintiff
>
> is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice [published by the plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).  The presumption is rebuttable "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

In appointing a lead plaintiff, a court must first "identify the movant that is presumptively entitled to that status."  *In re Cendant Corp.*, 264 F.3d at 262.  Then, "[o]nce a presumptive lead plaintiff is located, the court should . . . turn to the question whether the presumption has been rebutted."  *Id.* at 268.

---

[2] As described above, Chang satisfied this notice requirement by issuing a press release containing the relevant information via Business Wire the same day he filed the Complaint in this case.  *See* 7 Newberg and Rubenstein on Class Actions § 22:27 (6th ed.) (noting "courts regularly approve publication in [Business Wire] as sufficient" under the PSLRA).

To identify the presumptively most adequate plaintiff, a court begins by identifying "the movant with 'the largest financial interest in the relief sought by the class'" and then "turn[s] to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *Id.* at 262 (citation omitted).  A movant must satisfy these requirements even where, as here, there are no competing lead plaintiff applications.  *See, e.g.*, *Durigon v. Toronto-Dominion Bank*, No. 1:17-cv-1665, 2017 WL 6388954, at *2 (D.N.J. Dec. 13, 2017) ("Even where a motion to appoint lead plaintiff is unopposed, '[a] preliminary, fact-specific inquiry is nonetheless necessary under Rule 23 to determine whether the presumptively most adequate plaintiff will nevertheless betray the interest of the class." (alteration in original) (citation omitted)); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 215 (D.D.C. 1999) (noting that even "where no opposition [to a lead plaintiff application] has been noted, Congress envisioned that courts still would play an independent, gatekeeping role to implement the PSLRA").

Because Chang is the only movant in this case, he is also, necessarily, the movant with the largest financial interest in the relief sought by the class, despite having purchased only a single Customers Bancorp share during the class period.  *See Roofers Local No. 149 Pension Fund v. Amgen Inc.*, No. 23 Civ. 2138, 2023 WL 4406286, at *1 (S.D.N.Y. July 7, 2023) ("In the single applicant situation, that applicant obviously has the largest financial interests among the applicants, as it is the only applicant."  (quoting Newburg and Rubenstein on Class Actions § 22:41)).

The Court must next determine whether Chang "otherwise satisfies the requirements of Rule 23."  *In re Cendant Corp.*, 264 F.3d at 262 (citation omitted).  The relevant Rule 23 requirements are those set forth in subsection (a)(3), which requires that the claims or defenses of the representative party be "typical of the claims or defenses of the class," and subsection (a)(4),

which requires that the representative party will "fairly and adequately protect the interests of the class." *Id.* at 263. At the presumption stage, a court's inquiry is limited to determining, in the court's independent judgment, "whether the movant has made a *prima facie* showing of typicality and adequacy." *Id.* In making this determination, a court may consider "the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.* at 264.[3]

In evaluating whether a movant "has preliminarily satisfied the typicality requirement, [a court] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Id.* at 265 (second and third alterations in original) (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)). The Court finds Chang has made the requisite prima facie showing of typicality. Chang's claims are generally based on the same legal theory and course of events as those of the other class members—namely, that Defendants' misrepresentations and omissions caused Customers Bancorp's share price to be artificially inflated throughout the class period such that those who

---

[3] A court generally may not consider arguments by other putative class members at the presumption stage. *In re Cendant Corp.*, 264 F.3d at 264. Such arguments should be addressed "in terms of assessing whether the lead plaintiff presumption has been *rebutted* rather than in terms of deciding whether it has been *triggered*." *Id.* (emphasis added). Relatedly, the Third Circuit Court of Appeals has held that because the PSLRA makes clear that "only class members may seek to rebut the presumption, . . . court[s] should not permit or consider any arguments by defendants or non-class members" at the rebuttal stage. *Id.* at 268. The Third Circuit has not addressed whether a court may consider a defendant's views at the presumption stage, but district courts in other circuits have done so, treating defendants as "*amicus curiae*, whose arguments the [c]ourt may consider in its discretion" in conducting its independent review of whether a movant satisfies the PSLRA's requirements. *See, e.g.*, *Damri v. LivePerson, Inc.*, No. 23-10517, 2024 WL 1242510, at *2 n.1 (S.D.N.Y. Mar. 22, 2024). Having permitted Defendants to respond to Chang's supplemental letter brief, the Court will do the same here.

purchased shares during that period were harmed when the share price later dropped after Defendants' wrongful conduct came to light.[4]  *See Damri*, 2024 WL 1242510, at *3 (holding lead plaintiff applicant's claims were typical where complaint alleged "every member of the putative class[] (1) purchased or acquired [the issuer's] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market" (internal quotation marks and citation omitted)).

In assessing whether a movant has made a prima facie showing of adequacy, a court should consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *In re Cendant Corp.*, 264 F.3d at 265 (alteration in original) (quoting *Hassine*, 846 F.2d at 179).  The court should also "inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." *Id.*  These factors are non-exclusive. *Id.* at 267 (recognizing that other factors could "justify a court's decision that the Rule 23's adequacy of representation requirement is not satisfied").

The Court is not persuaded Chang has made the required showing here.  With a loss of only $16 on the purchase of a single Customers Bancorp share, Chang has a minimal financial interest in the outcome of this action.  This small loss, standing alone, is not disqualifying.  As numerous courts have recognized, while the PSLRA's lead plaintiff provision favors institutional

---

[4] Defendants argue Chang is subject to atypical defenses because he made his only stock purchase after the "corrective disclosure" regarding Defendant Leibold's termination in April 2024 and thus suffered no loss on that disclosure.  ECF No. 20.  While this consideration is relevant to the typicality and adequacy inquiries, the Court finds Defendants' argument premature at this stage.

investors and other investors with large amounts at stake, it does not preclude a "plaintiff with a small stake from representing a class." *Nayani v. LifeStance Health Group, Inc.*, 641 F. Supp. 3d 57, 64 (S.D.N.Y. 2022); *see also, e.g.*, *Damri*, 2024 WL 1242510, at *4.[5]  And, as Chang notes, plaintiffs with similarly small losses have been appointed as lead plaintiff in other cases.  *See* ECF No. 19 (collecting cases).  But neither is the size of the loss irrelevant to the adequacy inquiry, as the statute's preference for lead plaintiffs with large losses recognizes that such persons "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp.*, 264 F.3d at 264 (quoting H.R. Conf. Rep. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737).  Chang's minimal holdings and losses give this Court serious pause as to his adequacy to serve as lead plaintiff.  *See McCormack v. Dingdong (Cayman) Ltd.*, No. 22-CV-7273 (VSB), 2022 WL 17336586, at *5 (S.D.N.Y. Nov. 30, 2022) (considering movant's "token" losses of only $504.40 along with other factors in finding movant did not satisfy Rule 23's adequacy requirement).

Also lacking here, moreover, is information suggesting Chang has the experience and sophistication to adequately protect the class's interests.  *See id.* (noting "a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication" (citation omitted)).  His motion states only that he has approximately eight years of investing experience, holds a bachelor's degree, and works as a

---

[5] *But see Guo v. Tyson Foods, Inc.*, No. 21-CV-00552-AMD-JRC, 2022 WL 5041798, at *5 (E.D.N.Y. Sept. 30, 2022) ("The PSLRA requires lead plaintiffs to have a large financial interest in the litigation to incentivize them in directing the litigation and controlling class counsel."), *aff'd*, 2023 WL 3765052 (E.D.N.Y. June 1, 2023); *Bosch v. Credit Suisse Grp. AG*, No. 22-cv-2477, 2022 WL 4285377, at *5 (E.D.N.Y. Sept. 12, 2022) (finding individual investor's "extremely modest stake (at most, $621) is unlikely to provide the kind of incentive for close supervision of counsel that the PSLRA contemplates").

software engineer.  Mem. Supp. Mot. for Appointment as Lead Pl. 8, ECF No. 4-1.  In response to the Court's concerns, Chang also submitted a declaration stating that despite his small loss, he is committed to prosecute this case to seek justice, understands the lead plaintiff's role is to direct the litigation on behalf of the class, and will fulfill his responsibilities as lead plaintiff by holding meetings as needed with his attorneys to receive updates about the case and provide input concerning the theories of liability and damages.  *See* Chang Decl., ECF No. 19-1.  The declaration provides no additional information regarding Chang's background or investing experience and gives no indication he has any experience managing attorneys in litigation or negotiating retainer agreements.  *See Nayani*, 641 F. Supp. 3d at 63 (finding it doubtful that individual investor would "manage and monitor counsel in the way that Congress envisioned when enacted the PSLRA" where, inter alia, she lacked experience managing attorneys in litigation and "did not negotiate her chosen counsel's fee of up to one-third of the funds recovered in this case").  While the Court accepts Chang's representations, it is not persuaded he "has the ability and incentive to represent the claims of the class vigorously."  *In re Cendant Corp.*, 264 F.3d at 265 (citation omitted).

As to the other adequacy factors, Chang has obtained qualified counsel with experience litigating securities class actions, and while Defendants suggest otherwise, *see* n.4, *supra*, his claims do not appear to conflict with those of the class at this stage.  On balance, however, the Court is not persuaded Chang has made the required prima facie showing of adequacy.  Accordingly, Chang's motion for appointment as lead plaintiff will be denied.  Notwithstanding the Court's ruling, Chang may still pursue his claims on an individual basis.  *See, e.g.*, *McCormack*, 2022 WL 17336586, at *6.

An appropriate order follows.

BY THE COURT:


<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.